IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TOWD POINT MORTGAGE TRUST 2018-4, U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, | § § § § § | |
| | § | Civil Action No. 6:23-cv-287-ADA-DTG |
| Plaintiff, | § § | |
| v. | § § | |
| ANTHONY BENSON and TARITA BENSON, | § § § | |
| Defendants. | § § | |

## FINAL SUMMARY JUDGMENT ORDER

CAME ON TO BE CONSIDERED the *Motion for Summary Judgment* (the "Motion") filed by Plaintiff Towd Point Mortgage Trust 2018-4, U.S. Bank National Association, as Indenture Trustee ("Plaintiff"). Having considered the Motion, and any responses and replies thereto on file if any, the Court determines that the Motion bears merit and should be granted. It is, therefore,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion is **GRANTED**. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Fixed/Adjustable Rate Note* (the "Note") in the original principal amount of $62,920.00 originally payable to Long Beach Mortgage Company, together with that certain *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan"), signed by Decedent Johnnie Fay Berry ("Borrower") and filed for record in the Official Public Records of McLennan County, Texas as Document No. 2005030461. It is further,

**ORDERED, ADJUDGED AND DECREED** that the Security Instrument provides Plaintiff, as the mortgagee of the Security Instrument, in the event of a default, with a security interest on that certain real property commonly known as 709 North Rita Street, Waco, Texas 76705, and currently more particularly described as:

> NINE (9) IN BLOCK TEN (10) OF THE PASSMORE ADDITION, PART FOUR (4) TO THE VILLAGE OF NORTHCREST, MCLENNAN COUNTY, TEXAS, ACCORDING TO THE PLAT OF SAID ADDITION RECORDED IN VOLUME 847, PAGE 46 OF THE DEED RECORDS OF MCLENNAN COUNTY, TEXAS.

(the "Property"). It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff, its successors and assigns, is the current legal owner and holder of the Note and beneficiary of the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, which was at least $70,755.55 as of May 13, 2024, plus all contractual interest, escrow advances, fees, costs and other items in the Note and Security Instrument that are recoverable and have accrued since that date; prejudgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that the purchaser at the foreclosure sale authorized by this order will be vested with full ownership in the Property including all interest held by any of the Defendants in this case. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that due to event of default, Plaintiff, or its successors or assigns, may enforce the Security Instrument against the Property through non-

judicial foreclosure of the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that all foreclosure notices shall be mailed to the subject property at 709 North Rita Street, Waco, Texas 76705. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded attorney's fees and costs *in rem*, not as a personal obligation, to be collected through the foreclosure of the Property. Such amount of attorneys' fees is to be determined by subsequent motion practice.  It is further,

**ORDERED, ADJUDGED AND DECREED** that this is a final order that may be appealed. All relief not granted in herein is denied.  Costs and attorney fees are taxes against the party incurring same.

**SO ORDERED** this 12th day of February, 2025.

 

_____
**UNITED STATES DISTRICT JUDGE**